Andre Y. Bates (SBN 178170) (aybates@dehengsv.com)
Steven A. Soloway (SBN 130774) (ssoloway@dehengsv.com)
Yi Yao (SBN 292563) (yyao@dehengsv.com)
**DeHeng Law Offices PC**
7901 Stoneridge Drive, Suite 208
Pleasanton, CA 94588
T: (925) 399 6702
F: (925) 397 1976

*Attorneys for Plaintiff Sino Master Industrial Ltd.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SINO MASTER INDUSTRIAL LTD, a British Virgin Islands limited company,<br><br>Plaintiff,<br><br>vs.<br><br>HUAYI AMERICAN CORP, a California corporation; ALBERT LEE COOPER, an individual; EAST WEST BANK, a California corporation and a California-chartered commercial bank; ALICE GAO, an individual; HANK HUANG, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **FORGERY**<br>2. **FRAUD**<br>3. **FRAUDULENT TRANSFER (CIV. CODE §§ 3439.04, 3439.07)**<br>4. **CANCELLATION OF INSTRUMENT**<br>5. **CONVERSION**<br>6. **NEGLIGENCE**<br>7. **BREACH OF CONTRACT**<br>8. **BREACH OF FIDUCIARY DUTY**<br>9. **UNFAIR TRADE/BUSINESS PRACTICES (BUS. & PROF. CODE §17200 et seq)**<br>10. **INVALID SECURITY INTEREST (COMMERCIAL CODE § 9203)**<br>11. **DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sino Master Industrial Ltd., ("Plaintiff") as and for its complaint against Defendants HUAYI AMERICAN CORP, a California corporation ("Huayi"); ALBERT LEE COOPER, an individual ("Cooper"); EAST WEST BANK, also known as East West Bank, a California corporations and a California-chartered commercial bank ("Bank"); ALICE GAO, an individual ("Gao"); HANK HUANG, an individual ("Huang"), and DOES 1-20 (collectively, "Defendants") as follows, upon personal knowledge as to Plaintiff's own conduct and experience, and on information and belief as to all other matters based on investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery.

## PARTIES

1. Plaintiff is a British Virgin Islands limited company headquartered in Shanghai, China.

2. Upon information and belief, Defendant Huayi is a California corporation with its principal address in Pomona, California.

3. Upon information and belief, Defendant Cooper is an individual and a director and chief operating officer of Huayi, and is an alter ego of Huayi.

4. Upon information and belief, Bank is a California corporation and a California-chartered commercial bank headquartered in Pasadena, California.

5. Upon information and belief, at all relevant times, Gao was an individual employed by Bank.

6. Upon information and belief, at all relevant times, Huang was and is an individual employed by Bank.

7. Plaintiff has sued DOES 1 through 20, inclusive, by such fictious names because Plaintiff is uncertain as to the names, identities, legal responsibilities, and/or capacities of the DOE Defendants. Plaintiff is informed and

believe, and based thereon alleges, that each of the Defendants designated as a DOE Defendant was and is responsible in some manner for the events alleged herein and the damages caused thereby. Plaintiff will seek leave to amend this Complaint to allege the true names, identities, and capacities of each and/or any of the DOE Defendants when such information has been ascertained. Each reference in this Complaint to "Defendant," "Defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

8. Plaintiff is informed and believe, and based thereon allege, that at all relevant times, each Defendant sued herein was the agent, servant, employer, employee, joint venture, contractor, partner, owner, subsidiary, division, alias, and/or alter ego of each of the remaining Defendants and was, at all relevant times, acting within the purpose and scope of such agency, employment, contract, ownership, subsidiary, alias, and/or alter ego and with the authority, consent, approval, control, influence, and ratification of each of the remaining Defendants sued herein.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because this action is between a citizen of a foreign state and citizens of a State, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Sino Master Industrial Ltd. is a company organized and existing under the laws of the British Virgin Islands with its principal place of business located outside the United States. Defendants are citizens of California.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because at least one Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this district. In particular, Defendant East West Bank maintains its principal place of business in the Central District of California, and the deposit accounts at issue were maintained

1   at and administered from East West Bank's offices located in this district.

2   11. This Court has personal jurisdiction over all Defendants because they reside in, are domiciled in, conduct business in, or committed the acts complained of in the State of California and within this judicial district.

## FACTUAL BACKGROUND

12. In or about July, 2024, seeking a higher interest rate than many Asian countries, Plaintiff opened a Business Money Market Account (Account No. xx-xxxx9476, hereinafter "the Account") and a standard business checking account (Account No. xx-xxx3958) with Bank, through Bank Representative Alice Gao. On or about July 17, 2024, Plaintiff provided Bank with the Bank's Business Account Signature Card stating that Plaintiff's director, Mr. Zecheng Jin ("Jin") was the only authorized signatory and included a specimen signature for Jin.

13. After the account opening in Jul 2024, Plaintiff started transferring and depositing funds with Bank into the Account. Plaintiff made several deposits to the Account the last one occurred on September 23, 2024, resulting a total deposit of $10,084,814.25. At that time, Plaintiff had no plans to use the funds and was happy with the interest that the Account was accruing.

14. On or about May 14, 2025, Plaintiff contacted Bank Representative Huang to inquire a possible use or withdrawal of funds from the Account, and Huang stated that the funds were used as a collateral for a loan. When Plaintiff asked further questions, Huang replied that Bank needed to conduct some verification but, never got back to Plaintiff in the following weeks. On, or about July 16, 2025, Plaintiff wanted to transfer the sum of Two Million Dollars ($2,000,000.00) from the Account to another bank account and Jin asked Huang how to do it. Huang told Plaintiff that Plaintiff could not transfer two million dollars because the available balance in the Account was only $385,504.63. Huang told Plaintiff that that the principal deposit balance of more than ten million dollar was unavailable due to a

collateral and scheduled a time to call Jin to explain.

15. On July 18, 2025, Jin had a video call with Huang. Jin asked what this collateral was all about. Huang told him that Plaintiff had provided collateral for a loan to a company called Huayi, and said that Plaintiff was the shareholder of Huayi. Jin asked Huang for copies of the collateral-related agreements. On July 19, 2025, Huang sent copies of a Resolution of Sino Master Industrial Ltd., Corporate Resolution to Grant Collateral, Assignment of Deposit Account, and Notice of Final Agreement (collectively, the "collateral-related agreements") from his work email: hank.huang@eastwestbank.com to Jin's email address: jinjin94328@gmail.com which was on file with the bank.

16. The collateral-related agreements purport to reflect an alleged agreement by Plaintiff to use its Account at Bank to collateralize a loan by Bank to Huayi, and purport to be signed by Plaintiff's director, Jin on around October 4, 2024, only eleven days after the final deposit of the ten million plus dollars to the Account.

17. Plaintiff never agreed to collateralize any loan to Huayi, and Jin never signed any of the collateral-related agreements. Neither Plaintiff has any affiliation or shareholder relationship with Huayi.

18. The Bank is a California state-chartered commercial bank and a member of the Federal Reserve System, regulated by the Federal Reserve, the State of California, and the Consumer Financial Protection Bureau. Its deposits are federally insured by the Federal Deposit Insurance Corporation (FDIC).

19. Federal Reserve Regulation H (12 C.F.R. Part 208), incorporating the Interagency Guidelines Establishing Standards for Safety and Soundness, requires banks to maintain adequate internal controls over credit underwriting and loan documentation. These guidelines include ensuring that any claim against a borrower is legally enforceable, verifying the identity of signatories, and assessing whether

there is legitimate consideration for the creation of a security interest in an asset such as a deposit account.

20. Despite these obligations, Bank failed to implement or follow basic controls to detect and prevent the fraudulent encumbrance of Plaintiff's Account. The forged collateral-related agreements purporting to pledge Plaintiff's funds in support of a loan to Huayi—a company with no relation to Plaintiff—were accepted without, upon information and belief, any of the following prudent safeguards:

(a) No meaningful verification of corporate relationship or common ownership between Plaintiff and Huayi;

(b) No proper due diligence investigation and "Know Your Customer" assessment on Huayi's creditworthiness, and its business plan of using and repaying the loan;

(c) No sufficient authentication of the signatures used on the collateral-related agreements, despite Bank having Plaintiff's verified specimen signature on file and that the signatures on the collateral-related agreements and the verified specimen signature are substantially different;

(d) No direct communication with Plaintiff's authorized representative to confirm intent and authority to pledge collateral, especially given the fact that the fraudulent collateral transaction occurred only eleven days after the final deposit of the ten million dollars;

(e) No meaningful inquiry into the existence of adequate consideration for the purported pledge of collateral; and

(f) No compliance with obligations to identify and address red flags under Regulation V (12 C.F.R. § 222.90 et seq.), which requires written programs to detect identity theft and fraud in connection with high-risk accounts such as the Account with a more than $10 million deposit balance.

21. These failures represent fundamental breakdowns of the control

environment required by federal law and exposed Plaintiff to grave financial risk. The Bank's reckless disregard for federally mandated procedures and industry norms substantially contributed to the fraudulent scheme, directly resulting in Plaintiff's inability to access its own funds.

22. Plaintiff's injuries were both foreseeable and preventable had the Bank observed its regulatory obligations under Regulation H, Regulation V, and the Interagency Guidelines.

## FIRST CAUSE OF ACTION
### (Forgery - Against Defendants Huayi, Cooper, Gao, and Huang)

23. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

24. Plaintiff is the rightful owner of the funds in the Account at Bank.

25. Jin did not sign the collateral-related agreements. The only conclusion is that Defendants forged, and conspired to forge, Jin's name and signature as Plaintiff's director on the collateral-related agreements – falsely representing that Plaintiff had agreed to use its Account at Bank to collateralize a loan to Huayi, with which Plaintiff has no relationship whatsoever.

26. Defendants Huayi, Cooper, Gao, and Huang knew that the signatures on the collateral-related agreements were not that of Jin or Plaintiff, and knew that Plaintiff had not authorized using its Account at Bank to collateralize a loan by Bank to Huayi.

27. By forging Jin's signature on behalf of Plaintiff, these Defendants intended to deceive Bank into believing the documents were valid and authorized, so that Bank would make the loan to Huayi.

28. Bank did in fact rely on these Defendants' forgeries in making a loan to Huayi, thereby, putting a hold and refusing to release the principal deposit balance of more than ten million dollars of Plaintiff's funds in Plaintiff's Account

at Bank.

29. Plaintiff has suffered damages as a direct and proximate result of these Defendants' forgeries including but not limited to the inability to access the deposit balance in the Account at Bank and the potential loss of those monies, loss of investment opportunities, together with legal fees and expenses.

## SECOND CAUSE OF ACTION
### (FRAUD – Against Defendants Huayi, Cooper, Gao, and Huang)

30. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

31. Defendants Huayi, Cooper, Gao, and Huang knowingly made false representations to Plaintiff and Bank, specifically that Plaintiff had authorized the use of Plaintiff's Account and funds at Bank to collateralize a loan to Defendant Huayi.

32. These representations were false, and these Defendants knew they were false when made, or made them recklessly without regard for their truthfulness.

33. These Defendants intended for Plaintiff and Bank to rely on these false representations. In particular, these Defendants intended for Bank to believe the forged signatures and the fabricated collateral-related agreements were valid, and authorized by Plaintiff, and intended that Plaintiff would not discover the deception until after the loan was disbursed.

34. Bank and Plaintiff reasonably relied on these false representations. Bank, believing the fraudulent collateral-related agreements to be authentic, made a loan to Huayi and placed a hold on Plaintiff's funds, denying Plaintiff access to its own money.

35. Plaintiff was harmed as a direct and proximate result of these Defendants' fraudulent misrepresentations, including the loss of immediate use of

the deposit balance of more than ten million dollars, potential permanent loss of those funds, and incurring substantial legal fees and expenses.

36. Plaintiff's reliance on these Defendants' fraudulent misrepresentations was a substantial factor in causing the harm suffered by Plaintiff.

### THIRD CAUSE OF ACTION
(Fraudulent Transfer under Cal. Civ. Code §§ 3439.04, 3439.07 – Against Defendants Huayi, Cooper, Gao, and Huang)

37. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

38. Defendants Huayi, Cooper, Gao, and Huang engaged in a scheme to fraudulently transfer or encumber Plaintiff's funds held in the Account, without Plaintiff's knowledge, consent, or authorization.

39. Specifically, these Defendants executed and recorded forged documents purporting to grant a security interest in Plaintiff's Account for the benefit of Defendant Huayi and/or its principals, which East West Bank wrongfully accepted.

40. This unauthorized pledge of collateral was made with the actual intent to hinder, delay, or defraud Plaintiff within the meaning of California Civil Code § 3439.04(a)(1). In the alternative, the transfer was constructively fraudulent under § 3439.04(a)(2) because Plaintiff received no value in exchange and was harmed as a result.

41. The transfer and encumbrance of Plaintiff's Account was not made for reasonably equivalent value and left Plaintiff without access to or control over its principal deposit balance of more than ten million dollars, to which Plaintiff was otherwise entitled.

42. Pursuant to Civil Code §§ 3439.07 and 3439.08, Plaintiff is entitled to an order voiding the purported security interest, enjoining further use or disposition

of the Account, and recovering the value of the funds wrongfully transferred or encumbered.

43. As a result of these Defendants' fraudulent conduct, Plaintiff has suffered substantial harm including but not limited to loss of access to its funds, loss of business opportunities, and the need to incur legal fees to secure the release of its property.

44. Plaintiff seeks avoidance of the transfer and all other remedies provided by statute.

## FOURTH CAUSE OF ACTION
### (Cancellation of Instrument under California Civil Code §3412 – Against All Defendants)

45. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above, as though fully set forth herein.

46. Plaintiff never agreed to collateralize any loan from Bank to Huayi, and never signed any of the collateral-related agreements.

47. The continued existence of the collateral-related agreements creates a reasonable apprehension of serious injury to Plaintiff, including the loss of the money in the Account at Bank.

## FIFTH CAUSE OF ACTION
### (Conversion – Against All Defendants)

48. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above, as though fully set forth herein.

49. Plaintiff is the rightful owner of the monies in its Account at Bank.

50. In or about October, 2024, Defendants fraudulently and intentionally used Plaintiff's Account at Bank to collateralize a loan from Bank to Huayi by forging Jin's signature on behalf of Plaintiff and presenting the forged collateral-related agreements to Bank to obtain a loan.

51. Plaintiff did not consent to Defendants' use of the monies in its Account at Bank to collateralize a loan by Bank to Huayi.

52. As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages including but not limited to the loss of use of the principal deposit balance of more than ten million dollars in the Account at Bank, and the potential loss of that money.

## SIXTH CAUSE OF ACTION
### (Negligence – Against Defendant Bank)

53. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

54. Bank owed Plaintiff a duty of care to exercise reasonable care in the handling of Plaintiff's Account.

55. Bank breached this duty of care by, among other things, failing to exercise reasonable care in relying upon the forged collateral-related agreements to make a loan to Huayi and holding Plaintiff's deposit balance as collateral for that loan.

56. Specifically, Bank failed to detect and prevent such fraud and forgery by properly verifying the signatures on the collateral-related agreements. Indeed, a simple comparison of Jin's signature on the Business Account Signature Card bearing Jin's actual signature on file with the Bank and Jin's signatures on the collateral-related agreements should have raised red flags and alerted Bank to the possibility that the signatures on the collateral-related agreements could be forgeries. Moreover, despite numerous red flags, Bank failed to conduct reasonable inquiry and implement sufficient internal control process to prevent the fraud and forgery, breaching its duties under Regulation H, Regulation V, and the Interagency Guidelines.

57. Bank knew or should have known that its actions and/or omissions

would cause harm to Plaintiff.

58. As a direct and proximate result of Bank's negligence, Plaintiff suffered damages, including but not limited to, the loss of use of the principal deposit balance of more than ten million dollars which Bank has held as collateral for its loan to Huayi, and the possible loss of that money together with legal fees and expenses.

59. Bank's breach of duty was a substantial factor in causing Plaintiff's damages.

### SEVENTH CAUSE OF ACTION
### (Breach of Contract – Against Defendant Bank)

60. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

61. Plaintiff and Bank entered into a valid, binding agreement for banking services (the "Account Agreement"), including provisions for secure handling and management of Plaintiff's deposited funds.

62. Under the terms of the Account Agreement, Bank agreed, explicitly or implicitly, to act in accordance with reasonable commercial banking standards, including but not limited to verifying the authenticity of signatures and ensuring that Plaintiff's deposited funds would not be encumbered without Plaintiff's express consent.

63. Plaintiff performed all obligations under the Account Agreement, including depositing more than ten million dollars with Bank and complying with all required conditions.

64. Bank materially breached the Account Agreement by failing to properly verify the authenticity of Jin's signature on the collateral-related agreements, thereby wrongfully permitting Plaintiff's Account to be used as collateral for a loan to Defendant Huayi without Plaintiff's authorization or consent.

65. As a direct and proximate result of Bank's breach of the Account Agreement, Plaintiff has suffered and continues to suffer damages, including loss of access to the principal deposit balance of more than ten million dollars, the potential permanent loss of those funds, consequential financial harm, and incurrence of legal fees and costs to recover these funds.

66. Plaintiff's damages were directly caused by Bank's breach of contract, entitling Plaintiff to recover all associated compensatory damages.

## EIGHTH CAUSE OF ACTION
### (Breach of Fiduciary Duty – Against Defendant Bank)

67. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

68. As Plaintiff's banking institution, Bank owed Plaintiff fiduciary duties, including duties of loyalty, care, honesty, and fair dealing in the management and protection of Plaintiff's deposited funds.

69. Bank breached its fiduciary duties by failing to properly verify the signatures on the collateral-related agreements, knowingly or recklessly permitting the unauthorized encumbrance of Plaintiff's funds, and failing to promptly disclose to Plaintiff the misuse of its deposited funds.

70. Bank's actions and omissions constituted a breach of fiduciary duties as they placed the interests of other parties, including Defendant Huayi, above the interests of Plaintiff, thereby directly harming Plaintiff.

71. As a direct and proximate result of Bank's breach of fiduciary duties, Plaintiff has suffered significant financial harm, including loss of use of the principal deposit balance of more than ten million dollars, potential permanent loss of those funds, and the incurrence of legal fees and expenses.

72. Bank's breach of fiduciary duties was a substantial factor in causing Plaintiff's damages, entitling Plaintiff to recover compensatory and punitive

damages as permitted by law.

## NINTH CAUSE OF ACTION
### (Unfair Trade/Business Practices under Bus. & Prof. Code §17200 et seq. – Against Defendant Bank)

73. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

74. California Business and Professions Code section 17200 *et seq.* prohibits any unlawful, unfair, or fraudulent business act or practice.

75. The conduct of Defendants, as alleged herein, constitutes unlawful, unfair, and fraudulent business acts and practices within the meaning of section 17200.

76. Defendants engaged in unlawful business practices by violating statutory and common law, including but not limited to acts of forgery, conversion, fraud, and breach of fiduciary duty.

77. Defendants engaged in unfair business practices by engaging in conduct that is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers, including Plaintiff. The harm caused by Defendants' actions outweighs any purported utility.

78. Defendants engaged in fraudulent business practices by making material misrepresentations and omissions regarding the use of Plaintiff's funds, falsely asserting that Plaintiff consented to using its Account as collateral for a third-party loan.

79. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent conduct, Plaintiff has suffered economic injury, including but not limited to loss of access to its funds, potential permanent loss of the principal deposit balance of more than ten million dollars, and incurring legal costs to seek recovery.

80. Plaintiff seeks restitution of funds wrongfully withheld, an injunction

prohibiting Defendants from continuing such practices, and all other relief as permitted by Business and Professions Code section 17203.

### TENTH CAUSE OF ACTION
### (Invalid Security Interest due to Violation of California Commercial Code § 9203 – Against Defendant Bank)

81. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

82. Under California Commercial Code § 9203(b), a security interest in a deposit account does not become enforceable against the debtor unless:

    i. value has been given;

    ii. the debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and

    iii. the debtor has authenticated a security agreement that provides a description of the collateral.

83. Defendant Bank purports to hold a security interest in Plaintiff's Account pursuant to collateral-related agreements that were never signed by Plaintiff's authorized representative and were instead forged.

84. Plaintiff never authorized any pledge of its Account as collateral, never received any consideration for such a pledge, and never authenticated any security agreement describing the Account.

85. As such, no enforceable security interest ever attached under California Commercial Code § 9203. Any claim by Bank to hold or control Plaintiff's Account as collateral is void and without legal effect.

86. Plaintiff seeks a judicial declaration that no enforceable security interest exists and an order directing Defendant East West Bank to release any encumbrance, hold, or lien on the Account.

87. As a direct and proximate result of Defendant's unlawful

encumbrance, Plaintiff has been injured through loss of use of its funds, potential permanent deprivation of those funds, and associated legal costs and expenses

## ELEVENTH CAUSE OF ACTION
### (For Declaratory and Injunctive Relief – Against All Defendants)

88. Plaintiff hereby re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

89. An actual controversy exists between Plaintiff and Defendants concerning the validity and enforceability of the collateral-related agreements. Plaintiff contends these agreements are fraudulent, forged, unauthorized, void, and unenforceable, and that Plaintiff's funds should not be held as collateral. Defendants dispute these claims and assert that the collateral-related agreements are valid.

90. Plaintiff seeks a judicial declaration establishing the respective rights and obligations of the parties, including specifically a declaration that the collateral-related agreements are fraudulent, void, and unenforceable, and that Plaintiff's funds must immediately be released.

91. Plaintiff also seeks injunctive relief to prevent immediate and irreparable harm caused by Defendants' continued wrongful hold and potential disposition of Plaintiff's funds. This claim does not seek payment of damages, but instead seeks to preserve and regain control over specific, identifiable funds unlawfully held as collateral pursuant to fraudulent and forged instruments. Unless enjoined by this Court, Defendants' conduct will continue to deprive Plaintiff of its lawful funds, causing Plaintiff substantial and irreparable injury for which monetary damages alone would be inadequate.

92. Plaintiff has no adequate remedy at law and is thus entitled to injunctive relief, including a preliminary and permanent injunction prohibiting Defendants from further holding, encumbering, or otherwise disposing of Plaintiff's

funds or enforcing the collateral-related agreements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as follows:

1. An order canceling the collateral-related agreements;

2. For a judicial declaration that the collateral-related agreements are void and of no legal effect, and that Bank must release any hold of the funds in Plaintiff's Account;

3. For preliminary and permanent injunctive relief enjoining Defendants, and each of them, their agents, representatives, employees, successors, and assigns, from further holding, encumbering, transferring, or otherwise disposing of Plaintiff's funds or enforcing any of the collateral-related agreements identified herein;

4. Compensatory damages according to proof;

5. Punitive damages according to proof;

6. Costs of suit including attorney fees incurred herein; and

7. Such other relief the Court deems just and proper.

Respectfully submitted,

Dated: August 6, 2025      **DEHENG LAW OFFICES PC**

/s/ *Andre Y. Bates*
Andre Y. Bates
*Attorneys for Plaintiff Sino Master Industrial Ltd.*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all causes of action for which trial by jury is available.

Respectfully submitted,

Dated: August 6, 2025          **DEHENG LAW OFFICES PC**

/s/ *Andre Y. Bates*
Andre Y. Bates
*Attorneys for Plaintiff Sino Master Industrial Ltd.*